IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00488-SOM-01 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | JEFFERY STEWART'S MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFERY STEWART, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT JEFFERY STEWART'S
MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 2017, Defendant Jeffery Stewart entered a guilty plea to two counts involving the possession of methamphetamine with the intent to distribute. In 2018, this court sentenced Stewart to 130 months in prison. He has served approximately 33 months of that sentence. He is incarcerated at FCI Mendota, and the Bureau of Prisons says his anticipated release date is July 28, 2027.

Stewart now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The primary basis for his motion is the COVID-19 pandemic. Stewart contends that his obesity and his hypertension make him vulnerable to complications if he contracts COVID-19. Stewart, however, recently received the second dose of the Pfizer-BioNtech COVID-19 vaccine. He is therefore much less likely suffer serious complications from COVID-19. After

considering Stewart's vaccination status, along with his age, his medical condition, the time remaining on his sentence, and his history, this court concludes that Stewart has not demonstrated that extraordinary and compelling circumstances warrant the requested reduction in his sentence.

**II.      ANALYSIS.**

Stewart's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a),

2

that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

> **A.   Stewart has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).**

Stewart submitted an administrative compassionate release request to the warden of his prison on August 18, 2020, more than 30 days before he filed this motion.  ECF No. 59, PageID # 494.  The Government is not contesting Stewart's satisfaction of the exhaustion requirement.  *Id.*  Accordingly, this court finds that Stewart has fulfilled the first requirement of § 3582(c)(1)(A).

> **B.   This court has discretion in determining whether extraordinary and compelling reasons justify a reduced sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.  This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well

3

aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions.  *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments.  *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

### C. **Stewart has not demonstrated that extraordinary and compelling circumstances justify his early release, or that the requested reduction would be consistent with Sentencing Commission policy statements.**

Stewart contends that extraordinary and compelling circumstances justify his early release here.[1] He relies primarily on the risks he faces if he contracts COVID-19, which is present at FCI Mendota,[2] where he is housed. While the court recognizes Stewart's concerns, the COVID-19 pandemic does not justify early release at this time.

Most significantly, on February 17, 2020, Stewart

---

[1] Stewart also appears to maintain that he is entitled to early release based on one of the examples in the Sentencing Commission's policy statement. *See* ECF No. 52, PageID # 218-226. The Sentencing Commission has stated that early release may be justified if a defendant is "suffering from a serious physical or mental condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and *from which he or she is not expected to recover*." U.S.S.G. § 1B1.13 (emphasis added). That example addresses medical conditions that an inmate will suffer from for the rest of his or her life. By contrast, although Stewart may have to deal with hypertension and obesity for the rest of his life, the specific reason he moves for compassionate release at this point relates to the threat posed by COVID-19. That threat will last until the current pandemic subsides, which, it is to be hoped, will not be for the rest of Stewart's life. Moreover, it is not clear that either Stewart's hypertension or his obesity is substantially diminishing his ability to provide self-care. This court therefore does not view that example as dispositive with respect to Stewart's motion. *United States v. Kaukani*, 2020 WL 6065298, at *2 n.2 (D. Haw. Oct. 14, 2020).

[2] The BOP reports that six inmates and four staff members have tested positive for COVID-19 at FCI Mendota. www.bop.gov/coronavirus (last visited March 16, 2020). According to the BOP, 26 inmates and 29 staff members have recovered from the virus.

received the second dose of the Pfizer-BioNTech COVID-19 vaccine. ECF No. 63-1, PageID # 523.  Although the court is acutely aware that vaccination efforts have just begun, and that there is still some uncertainty surrounding whether the vaccines will be effective against newer COVID-19 variants, some studies assessing the vaccines' efficacy have been encouraging.  One such study found that the Pfizer vaccine prevents 94% of asymptomatic COVID-19 infections, and 97% of hospitalizations and deaths.  *See, e.g.*, Berkeley Lovelace Jr., *Pfizer Covid Vaccine Blocks 94% of Asymptomatic Infections and 97% of Symptomatic Cases in Israeli Study*, CNBC, March 11, 2021, https://www.cnbc.com/2021/03/11/pfizer-covid-vaccine-blocks-94percent-of-asymptomatic-infections-and-97percent-of-symptomatic-cases-in-israeli-study.html.  The vaccine also appears to offer some protection against the new variants, and Pfizer may offer a booster shot to further increase the vaccine's efficacy.  Alex Knapp, *Lab Study Suggests Pfizer/BioNTech Vaccine Effective Against Variants After Second Dose*, Forbes, March 8, 2021, https://www.forbes.com/sites/alexknapp/2021/03/08/lab-study-suggests-pfizerbiontech-vaccine-effective-against-variants-after-second-dose/?sh=63d9df576da5.  In light of Stewart's vaccination status, it is difficult for this court to conclude that the pandemic is an extraordinary and compelling reason that justifies Stewart's early release.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a). Two considerations are particularly relevant. The first is the amount of time Stewart has served. Stewart has been in custody since May 14, 2018, and his projected release date is July 28, 2027. ECF No. 45; ECF No. 47; ECF No. 59, PageID # 494. Even if credit for good behavior is taken into account, Stewart has only served a fraction of his sentence.

Stewart's substantial criminal history also weighs against early release. That history includes two convictions for theft, convictions for fraud, assault, and kidnapping, five convictions for promoting a dangerous or detrimental drug, two convictions for abuse of a household or family member, and one conviction for a violation of a protective order. ECF No. 28, PageID # 97-108. Stewart's history of domestic violence is particularly concerning. In 2011, his wife reported that he pulled her hair, punched her in the face multiple times, and dragged her down a stairway during an altercation. *Id.* at 107. Two years later, he violated a protective order by calling his wife's residence and texting her daughter. *Id.* In sum, Stewart's record is not encouraging.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having considered Stewart's vaccination status,

7

the amount of time remaining on his sentence, his history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Stewart do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence.  This court reaches the same negative conclusion in examining whether the requested reduction in sentence would be consistent with applicable policy statements issued by the Sentencing Commission.[3]

### III.    CONCLUSION.

Stewart's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, March 16, 2021



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Stewart*, Cr. No. 17-00488-SOM-01; ORDER DENYING JEFFERY STEWART'S MOTION FOR COMPASSIONATE RELEASE

---

[3] Stewart suggests that the Eighth Amendment prohibits his continued incarceration.  ECF No. 52, PageID # 229 (citing *Helling v. McKinney*, 509 U.S. 25 (1993)).  In *Helling*, the Court held that "deliberate indifference to serious medical needs of prisoners violates the [Eighth] Amendment because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  509 U.S. at 32 (quotation marks omitted).  Stewart does not establish deliberate indifference.